# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:  Case No.: 2:24–bk–07459–DPC

CHRISTINA GRIMMETT  Chapter: 7
aka CHRISTINA FISCHER
65 E OLIVE AVE
APT 214
GILBERT, AZ 85234
SSAN: xxx–xx–4976
EIN:

CHELSEA GRIMMETT
65 E OLIVE AVE
APT 214
GILBERT, AZ 85234
SSAN: xxx–xx–1315
EIN:

Debtor(s)

## ORDER DENYING REAFFIRMATION AGREEMENT

On **10/1/2024**, Debtor(s) filed a request to approve a reaffirmation agreement ("Reaffirmation Agreement") on a debt ("Debt") owed to **DESERT FINANCIAL CREDIT UNION** ("Creditor") and secured by **2013 CHEVROLET CAPTIVA SPORT** ("Collateral").

On **11/21/24** at **1:30 P.M.**, the Debtor(s) appeared at a hearing on approval of the Reaffiramtion Agreement. At the hearing, the Court was informed that the Debtor(s) is/are current on payments to the Creditor and that the Collateral is insured. After reviewing the Reaffirmation Agreement, the Debtor(s) Statement of Intention and Schedules, including Schedules I and J, and after conducting a hearing on the Reaffirmation Agreement:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That Debtor(s) request to approve the Reaffirmation Agreement is DENIED because the Court finds, that is it not in the Debtor(s) best interest to reaffirm the Debt and/or, to the extent applicable, the presumption of hardship under 11 U.S.C. § 524(m) has not been overcome by the Debtor(s) or Creditor.
2. The Debtor(s) has/have, however, complied with the requirements of 11 U.S.C. § 362(h) and 521(a) by timely indicating an intent to reaffirm the Debt and by executing the Reaffirmation Agreement. Because the Debtor(s) has/have complied with the requirements of 11 U.S.C. § 362(h) and 521(a)(2), 11 U.S.C. § 521(d), which makes "ipso facto default" clauses enforceable, does not apply in this case. See In re Moustafi, 371 B.R. 434 (Bankr. D. Ariz. 2007). Accordingly, CREDITOR MAY NOT REPOSSESS THE COLLATERAL AFTER DEBTOR(S) DISCHARGE IS ENTERED BASED SOLELY ON DEBTOR(S) FILING OF THIS BANKRUPTCY CASE.
3. Because the Debtor(s) has/have complied with the requirements of § 362(h) and 521(a)(2) and is current on the Debt to Creditor, Debtor(s) may retain the Collateral so long as he/she/they continue(s) to make timely payments and complies(y) with the requirements of Creditor's loan documents ("Loan Documents").
4. Acceptance of payments from the Debtor(s), pursuant to the terms of this order, is NOT a violation of 11 U.S.C. § 524(a)(2).

IT IS FURTHER ORDERED that, to the extent possible within its system, the Creditor is authorized to send monthly informational statements concerning the Debt to the Debtor(s).

IT IS FURTHER ORDERED that this Court retains jurisdiction to interpret and enforce (i) any terms set forth in this order and (ii) the discharge injunction.

SIGNED AND DATED ABOVE.